UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER NORTHCUTT, et al.,<br><br>Defendants. | Case No. 1:22-cv-00748-ADA-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL, WITHOUT PREJUDICE<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SUBPOENA PLAINTIFF'S CENTRAL FILE AND MEDICAL RECORD, WITHOUT PREJUDICE<br><br>(ECF No. 13) |

Jared Martin ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On November 30, 2022, Plaintiff filed a motion for appointment of pro bono counsel and to subpoena Plaintiff's prison central file and medical record. (ECF No. 13). Plaintiff asks for a subpoena for his prison central file and medical record because they contain relevant evidence in four cases that have passed screening. California Department of Corrections and Rehabilitation employees have refused to provide them to Plaintiff, despite multiple requests. Plaintiff also asks the Court to appoint counsel to assist in these matters. Plaintiff argues that having four lawsuits in the same court involving similar circumstances at once is an extraordinary situation that

requires appointment of counsel.

As to Plaintiff's request for appointment of pro bono counsel, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Id. (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time.  The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims.  Moreover, while there may be some issues, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

As to Plaintiff's request for a subpoena, it will also be denied without prejudice.  This case is at the screening stage[1] and discovery has not yet been opened.  If this case proceeds, discovery will be opened and Plaintiff will be allowed to request and subpoena documents.

For the foregoing reasons, IT IS ORDERED that:

1. Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice; and
2. Plaintiff's motion to subpoena his prison central file and medical record is

---

[1] On September 14, 2022, the undersigned issued screening findings and recommendations (ECF No. 12), which are currently pending before the assigned district judge.

DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **December 1, 2022**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

3