UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>  Plaintiff,<br><br>v.<br><br>OFFICER NORTHCUTT, et al.,<br><br>  Defendants. | Case No. 1:22-cv-00748-ADA-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS AND PROSECUTE THIS CASE<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Jared Martin ("Plaintiff") is a prisoner (or former prisoner) proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On May 15, 2023, the Court issued an order requiring Plaintiff to file notice of change of address or to confirm his current address within fourteen days. (ECF No. 15). As the Court explained:

> According to the Court's docket, Plaintiff is incarcerated at Madera County Jail. However, the Court takes judicial notice of another case filed by Plaintiff, *Martin v. Fisher* ("*Martin I*"), E.D. CA, Case No. 1:22-cv00847. In *Martin I*, mail sent to Plaintiff at Madera County Jail was returned as undeliverable, Plaintiff's deadline to update his address expired, and the Court issued findings and recommendations, recommending that the case be dismissed. *See Martin I*, ECF No. 12.

(*Id.* at p. 1).[1]  The Court also warned Plaintiff that failure to comply may result in sanctions, including dismissal.  (*Id.* at p. 2).  The Court's order was returned as undeliverable.

Plaintiff's deadline to update his address has passed, and Plaintiff has not filed a notice of change of address nor has Plaintiff confirmed his current address.  Accordingly, Plaintiff failed to comply with the Court's May 15, 2023 order.  Therefore, the Court will recommend that this case be dismissed, without prejudice, because of Plaintiff's failure to prosecute this case.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).  Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest….  It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...."  Id.  Plaintiff has failed to keep the Court informed of his current address as required by the Court's order.  This failure is delaying this case and interfering with docket management.  Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's failure to keep the Court informed of his current address

---

[1] On May 24, 2023, the assigned district judge in *Martin I* adopted the Court's recommendations in full and *Martin I* was dismissed, without prejudice. *See Martin I*, (ECF No. 13).

that is causing delay and preventing this case from progressing. The Court is unable to contact Plaintiff because of Plaintiff's failure to update his address, and the case cannot proceed without Plaintiff. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has stopped prosecuting this case, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, it appears that monetary sanctions are of little use. And as Plaintiff has stopped prosecuting this case, excluding evidence would be a meaningless sanction. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. Id.

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to prosecute this case; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\
\\\
\\\
\\\
\\\

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**June 30, 2023**__              /s/ _Erica P. Grosjean_
                                                                  UNITED STATES MAGISTRATE JUDGE